UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT MITCHELL,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>CORRECTIONAL OFFICER GILBERT, *et al.*,<br><br>　　　　　　Defendants. | Case No. C09-5080BHS/JRC<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR**:<br>March 12, 2010 |

　　This Civil Rights Action filed pursuant to 42 U.S.C. § 1983 has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. Before the court is plaintiff's motion for default (Dkt. # 57). The court has considered the file and no defendant is in default. Therefore, the motion should be DENIED. Since granting a motion for default would be dispositive, this motion is the subject of a Report and Recommendation, rather than an order.

REPORT AND RECOMMENDATION- 1

## DISCUSSION

Local Rule CR 55 states:

(a) Entry of Default

Upon motion by a party noted in accordance with CR 7(d)(1) and supported by affidavit or otherwise, the clerk shall enter the default of any party against whom a judgment for affirmative relief is sought but who has failed to plead or otherwise defend. The affidavit shall specifically show that the defaulting party was served in a manner authorized by Fed. R. Civ. P. 4. A motion for entry of default need not be served on the defaulting party. However, in the case of a defaulting party who has entered an appearance, the moving party must give the defaulting party written notice of the requesting party's intention to move for the entry of default at least five judicial days prior to filing its motion and must provide evidence that such notice has been given in the motion for entry of default.

On September 23, 2009, the court ordered the Marshal's Service to attempt service by mail (Dkt. # 51). Documents requesting waiver of formal service were not mailed until sometime in November of 2009. When a party agrees to accept service by mail, the party is given 60 days to file an answer. See Fed. R. Civ. P. 4 (c) (3). On December 4, 2010All defendants filed an answer on January 11, 2010 (Dkt. # 55). Plaintiff moved for default on January 15, 2010 (Dkt. # 57).

Thus, since all defendants filed an answer within 60 days of accepting service by mail, no defendant was in default and the motion should be DENIED.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days (14) days from service of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140

REPORT AND RECOMMENDATION- 2

(1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on March 12, 2010, as noted in the caption.

Dated this 17th day of February, 2010.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION- 3