UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT MITCHELL,

    Plaintiff,

    v.

C/O GEORGE GILBERT, et al.,

    Defendants.

No. C09-5080BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 70) and Plaintiff's ("Mitchell") objections to report and recommendation (Dkts. 71, 72). The Court has considered the Report and Recommendation, Mitchell's objections and the remaining record, and hereby adopts the Report and Recommendation for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL HISTORY

On September 8, 2010, Magistrate Judge Creatura recommended dismissing Mitchell's case on summary judgment. Dkt. 70. On September 24, 2010, Mitchell filed his objections to the report and recommendation. Dkt. 71 (without attachments). On September 28, 2010, Mitchell filed the same objections but attached documents in support thereof. Dkt. 72. On October 8, 2010, Defendants filed a response to Mitchell's objections. Dkt. 73.

This action arises out of Mitchell's civil rights claim pursuant to 42 U.S.C. § 1983. *See* Dkt. 50 (amended complaint). Mitchell is incarcerated at McNeil Island Special

ORDER – 1

Commitment Center. *Id*. In his complaint Mitchell asserted the following claims: (1) certain mail of his was not delivered to him (two magazines) and that his mail to and from his family was censored; (2) Defendant Avery improperly took good time away from him and that Defendant Wake prevented the good time served from being restored; (3) Defendant Carter interfered with his medication and diet; and (4) he was denied access to his attorney. *See* Report and Recommendation at 4-7 (addressing these issues); *See also* Dkt. 50 (stating causes of action).

## II. DISCUSSION

### A.   Summary Judgment Standard

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of

ORDER – 2

1 controversy in favor of the nonmoving party only when the facts specifically attested by that
2 party contradict facts specifically attested by the moving party.  The nonmoving party may
3 not merely state that it will discredit the moving party's evidence at trial, in the hopes that
4 evidence can be developed at trial to support the claim.  *T.W. Elec. Serv., Inc.*, 809 F.2d at
5 630 (relying on *Anderson,* 477 U.S. at 255).  Conclusory, nonspecific statements in
6 affidavits are not sufficient, and missing facts will not be presumed.  *Lujan v. Nat'l Wildlife*
7 *Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.     Report & Recommendation**

### 1.     Censored or Rejected Mail

Mitchell alleged in his amended complaint that two periodicals were not delivered to him and that mail between him and his family was censored. Magistrate Judge Creatura concluded that Defendant's claims could not survive summary judgment because Mitchell failed to submit evidence to the court that contradicted Defendant's well supported position. *See* Dkt. 70 at 5.

Review of Mitchell's objections to the report and recommendation reveals that he has again failed to provide the Court with operative facts based on evidence that could raise a triable issue of fact. *See, e.g.,* Dkt. 71; *see also Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990) (conclusory, nonspecific statements in affidavits are not sufficient, and "missing facts" will not be "presumed").

### 2.     Restoration of Good Time

Mitchell's claim regarding good time is effectively a challenge to the duration of his confinement. *See* Dkt. 70 at 6. Magistrate Judge Creatura correctly identified the relevant law which proscribes raising such issues in a § 1983 claim. *See id* (citing *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir. 1997) (requiring such claims to be brought as a petition for a writ of habeas corpus, not a § 1983 claim).

### 3.     Medical and Diet Claims

Plaintiff claimed that Defendant Carter interfered with his psychiatric medication and

ORDER – 3

that his diet became insufficient when "ensure" was removed from his daily diet. *See, e.g.,* Dkt. 50 ¶ 3 (allegations against Carter). Magistrate Judge Creatura concluded that Defendant's claims could not survive summary judgment because Mitchell failed to submit evidence to the court that contradicted Defendant's well supported position. *See* Dkt. 70 at 7.

Review of Mitchell's objections to the report and recommendation reveals that he has again failed to provide the Court with operative facts based on evidence that could raise a triable issue of fact. *See, e.g.,* Dkt. 71; *see also Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990) (conclusory, nonspecific statements in affidavits are not sufficient, and "missing facts" will not be "presumed").

### 4. Access to Counsel

Mitchell alleged that Defendant Gilbert interfered with his ability to communicate with his attorney. Magistrate Judge Creatura concluded that Defendant's claims could not survive summary judgment because Mitchell failed to submit evidence to the court that contradicted Defendant's well supported position. *See* Dkt. 70 at 7.

Review of Mitchell's objections to the report and recommendation reveals that he has again failed to provide the Court with operative facts based on evidence that could raise a triable issue of fact. *See, e.g.,* Dkt. 71; *see also Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990) (conclusory, nonspecific statements in affidavits are not sufficient, and "missing facts" will not be "presumed").

## III. Conclusion

Because Mitchell has either failed to provide evidence to contradict Defendants' position or present a viable claim within his § 1983 claim, the Court agrees with Magistrate Judge Creatura's report and recommendation on each of the foregoing issues.

//

//

//

//

ORDER – 4

# IV. ORDER

Therefore, it is hereby **ORDERED** that the Court

(1) **ADOPTS** the report and recommendation;

(2) **GRANTS** Defendants' motion for summary judgment on all claims; and

(3) **Dismisses** Mitchell's claims **WITH PREJUDICE** for the reasons stated herein.

DATED this 1st day of November 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 5